O

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### CIVIL MINUTES - GENERAL

| Case No. | CV 09-4971 ODW (SHx) | Date | April 6, 2010 |
|---|---|---|---|
| Title | *Jacobson v. Countrywide Fin. Corp. Change in Control Severance Plan, et al.* | | |

| Present: The Honorable | Otis D. Wright II, United States District Judge | |
|---|---|---|
| Raymond Neal | Not reported | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not present | Not present |

**Proceedings (In Chambers):**    **Order DENYING WITHOUT PREJUDICE Plaintiff's Motion for Determination of Standard of Review in ERISA Benefits Case [23] and GRANTING IN PART Plaintiff's Motion for Leave to Conduct Discovery in ERISA Benefits Case [20]**

Currently before the Court is Plaintiff Greg Jacobson's ("Plaintiff") March 3, 2010 Motion for Leave to Conduct Discovery (Dkt. # 20), and March 5, 2010 Motion for Determination of Standard of Review. (Dkt. #24.) Having considered the arguments made in support of and in opposition to the instant motions, the Court deems these matters appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78; L.R. 7-15. For the following reasons, the Court DENIES WITHOUT PREJUDICE Plaintiff's Motion for Determination of Standard of Review and GRANTS IN PART Plaintiff's Motion for Leave to Conduct Discovery.

I.    MOTION FOR DETERMINATION OF STANDARD OF REVIEW

Plaintiff first asks the Court to issue an order determining the standard of review to be employed in deciding Plaintiff's claim for severance benefits under his ERISA-covered Change in Control ("CIC") Severance Plan. Plaintiff maintains that the Court must use a *de novo* standard of review (rather than abuse of discretion) because the discretion exercised by the Plan Administrator was void *ab inito* under the facts of this case. (Motion for Determination of Standard of Review "MDSR"at 1.) Defendants, on the other hand, contend that Plaintiff's Motion for Determination of Standard of Review should be denied in its entirety because it constitutes a motion for partial summary judgment expressly forbidden by this Court's November 9, 2009 Scheduling Order. (Opposition "Opp'n" to MDSR at 10 (citing Dkt. #17).)[1]

---

[1] Defendants also urge the Court to deny Plaintiff's motion on the basis that the amendments to the Plan with which Plaintiff takes issue neither have any impact on the standard of review in this case nor adversely effect

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-4971 ODW (SHx) | Date | April 6, 2010 |
|---|---|---|---|
| Title | *Jacobson v. Countrywide Fin. Corp. Change in Control Severance Plan, et al.* | | |

To the extent that Plaintiff contends that the Court's September 29, 2009 Order Setting Scheduling Conference specifically contemplated the filing of a motion for partial summary judgment (Dkt. # 10), Plaintiff is, at least in part, mistaken. That is to say, The Court's November 9, 2009 Scheduling Order expressly conditioned the consideration of any summary judgment motion on the submission of an agreed upon statement of facts. (Dkt. # 17.)

Because Plaintiff submits no agreed upon statement of facts with his Motion for Determination of Standard of Review, and because such determination necessarily relies upon the facts surrounding the adoption of the Plan amendments and the termination of Plaintiff's employment, the Court cannot appropriately determine the standard of review as Plaintiff requests. For this one reason, the Court DENIES Plaintiff's Motion for Determination of Standard of Review WITHOUT PREJUDICE. Plaintiff may re-file his motion at a later date. However, Plaintiff is advised to be aware of the summary judgment motion cutoff date and all requirements for the submission and consideration of such motions.

II.     MOTION FOR LEAVE TO CONDUCT DISCOVERY

Consistent with this Court's November 9, 2009 Scheduling Order (Dkt. # 17), Plaintiff also moves the Court for leave to conduct limited discovery to "ascertain the bias of the Plan Administrator in order for the Court to take that bias appropriately into account in determining whether the administrator acted in an arbitrary and capricious manner." (Motion for Leave to Conduct Discovery "MLCD" at 2.) Indeed, this Court has already noted that some discovery aimed at demonstrating a conflict of interest may be appropriate in the case of an ERISA benefits determination subject to an abuse of discretion standard of review.[2] *See Welch v. Metro. Life Ins. Co.*, 480 F.3d 942, 949-50 (9th Cir. 2007) (citation omitted). However, such discovery must be narrowly tailored to requests that are relevant to "the nature, extent, and effect on the decision-making process of any conflict of interest that may appear in the record." *Abatie v. Alta Health & Life Ins. Co.*, 458 F.3d 955, 967 (9th Cir. 2006).

Defendants concede that a number of Plaintiff's proposed interrogatories may be appropriately propounded in an effort to discover evidence relevant to the issue of a potential

_____

Plaintiff's rights. (Opp'n to MDSR at 1-2.) Because the Court declines to consider the merits of Plaintiff's request at this time as explained herein, the Court also declines to endorse Defendants' arguments on these points.

[2] The Court notes that it is the abuse of discretion standard of review for which Defendants advocate that makes Plaintiff's requested discovery relevant. (*See* Opp'n to MLCD at 1.)

O

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### CIVIL MINUTES - GENERAL

| Case No. | CV 09-4971 ODW (SHx) | Date | April 6, 2010 |
|---|---|---|---|
| Title | *Jacobson v. Countrywide Fin. Corp. Change in Control Severance Plan, et al.* | | |

conflict of interest. Specifically, Defendants assert no objection to Plaintiff's interrogatories numbers 1, 4, 6-8, 15-17, and 25. Plaintiff's request to propound these interrogatories is therefore GRANTED without further examination. Additionally, because the remainder of the 25 interrogatories Plaintiff proposes to propound are relevant to a determination of the existence, nature and extent of any conflict of interest inherent in the CIC Plan Administrator's decision-making process, the Court finds that Plaintiff's proposed interrogatories are not overly broad.[3] Plaintiff's request to propound *all* of the proposed interrogatories attached to his Motion for Leave to Conduct Discovery is therefore GRANTED.

As for Plaintiff's proposed requests for production, Defendants' argument that Plaintiff's requests are over-broad or vague have slightly more merit. Indeed, a number of the documents Plaintiff seeks to discover will not significantly illuminate the effect of any conflict of interest on the CIC Plan Administrator's benefit decision. As such, Plaintiff shall not be permitted to propound all of the requests for production submitted to the Court. Specifically, document request numbers 1-2, 5, 9-11, 13-14, 16-17, 19-20, 22-23, 25-28, and 33-35 are over-broad. As such, Plaintiff shall not be permitted to serve these document requests on Defendants. However, the Court is satisfied that document request numbers 3-4, 6-8, 12, 15, 18, 21, 24, and 29-32 are sufficiently related and tailored to effectuate the purpose of discovery in ERISA cases as stated above. Accordingly, Plaintiff's request to propound document request numbers 3-4, 6-8, 12, 15, 18, 21, 24, and 29-32 attached to his Motion for Leave to Conduct Discovery is GRANTED.

IT IS SO ORDERED.

| | : | 00 |
|---|---|---|
| Initials of Preparer | RGN | |

---

[3] To the extent that Defendants' objection to these questions was based on the idea that the identification of persons involved in the various stages of Plaintiff's severance benefit determination might include clerical personnel, that objection is unfounded. Plaintiff clearly does not seek to discover the identities of any persons not material to the *decisions* at issue in this case.